IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-81181-TJM |
| | ) | |
| MERIT TRANSPORTATION | ) | |
| COMPANY LLC, | ) | Involuntary CH. 7 |
| | ) | |
| Alleged Debtor. | ) | |

## ORDER

    Hearing was held in Omaha, Nebraska, on June 22, 2007 on the alleged debtor's emergency motion to require bond (Fil. #8). Douglas E. Quinn appeared for Merit Transportation Company LLC; Thalia Carroll, Thomas White, and Amy Jorgensen appeared on behalf of the petitioning creditors; and Robert M. Gonderinger appeared on behalf of Navistar Financial Corporation.

    This involuntary petition was filed within two days after the petitioning creditors had made a demand for payment on certain demand notes. One of the petitioning creditors is a recently terminated employee of the alleged debtor.

    The petitioning creditors allege that each of them holds a claim against the alleged debtor that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount. The jurisdictional basis for the petition is the allegation by the petitioning creditors that the alleged debtor is generally not paying such debtor's debts as such debts become due unless such debts are the subject of a bona fide dispute as to liability or amount. 11 U.S.C. § 303(h)(1).

    The alleged debtor asserts that the involuntary petition was filed in bad faith by a disgruntled former employee. It further asserts that the alleged debtor is generally paying debts as debts become due.

    The alleged debtor has filed a motion pursuant to 11 U.S.C. § 303(e) requesting the Court to order a bond to be filed by the petitioning creditors to indemnify the alleged debtor for potential damages as defined in § 303(i). A hearing was held on such motion on June 22, 2007. The affidavit evidence presented by the petitioning creditors and the alleged debtor are contradictory with regard to debts being paid in the ordinary course of business.

    The evidence is clear, however, that if the petition has been filed in bad faith and/or the jurisdictional basis concerning "generally not paying such debtor's debts as such debts become due" is found lacking, the alleged debtor will have suffered significant monetary damages, including attorney fees and perhaps loss of customer contracts and goodwill. Since the petition was filed by the demand note holders within two days of making the demand, and since it is the position of the petitioning creditors that the best thing for them is a total liquidation of the company, basically

without regard to the interest of trade creditors and parties contracting with the alleged debtor, it is appropriate that a bond be required.

IT IS ORDERED: The alleged debtor's emergency motion to require bond (Fil. #8) is granted. The petitioning creditors post a cash bond or a surety bond in the amount of $200,000.00 no later than 11:59 A.M. on Monday, June 25, 2007. If such bond is not filed by that date and time, the petition will be dismissed and a hearing will be held at a later date on any claim for damages under 11 U.S.C. § 303(i).

DATED:   June 22, 2007.

BY THE COURT:

 /s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    *Thalia Carroll, Thomas White, Amy Jorgensen
    Douglas E. Quinn
    Robert M. Gonderinger
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.